## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

CIVIL ACTION NO:

v

TOTAL DEBIT MANAGEMENT, INC.
6366 Corley Road
Norcross, GA 30091-6700

**FILED**

FEB - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:06CV00196

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/3/2006

**JURY ACTION**

Come Sam L. Clemmons, a former part-time employee with less

then a month of employment at Wallace & Demayo located at 6366

Corley Road, Norcross, GA 30091 files this civil complaint in

The District Court for the District of Columbia against such

defendant now operating under Total Debit Management, Inc.

located at the same location address stated above. Who is now

the leading provider of receivable management services to

retail, bankcard, commercial, and student loan creditors. The

defendant's organization promotes and demonstrates "ethical and

effective collections', while maintaining a strong position in

the industry. This organization has over 250 employees operating

from their Norcross, GA location. They offer the collection of

consumer and commercial accounts (pre and post charge off),

bankruptcy processing, legal collection management services, and

proprietary collections management software. Their clients

1

1  includes large corporation such as GE Capital, Citigroup, Bank

2  of America, Capitol One, Chrysler Financial and others major

3  leaders. In the year of 1998 it was publicly reported that the

4  organization placed over $ 1 billion in revenue.

6      With that said, the plaintiff file this civil suit action

7  in the District Court for the District of Columbia against the

8  defendant for violation of statue 18 U.S.C.A. § 1001.

11     Total Debt Management, Incorporated is responsible for the

12  actions by Paul A. Gordon who is the Human Resource Manager with

13  over 10 years of professional service to the company. Mr. Gordon

14  is believe to be alleged in violation of federal, state and

15  local laws in obstruction of justice in providing a federal

16  agent from the Department of Justice fraudulent information in

17  an ordered federal investigation concerning the plaintiff's

18  character and background concerning national security matters or

19  issues of the plaintiff. *See case law and related cases: Lucia,*

20  *36 F.3d at 174(quoting Serabian, 24 F.3d at 361; see also North*

21  *Central F.S., Inc., 951 F. Supp. at 1408 (quoting DeWit, 879*

22  *F.Supp. at 989-90, in turn quoting Lucia, 36 F.3d at 174). Jones*

23  *Distributing Co., Inc. V. White Consol. Indus., 943 F. Supp.*

24  *1445, 1470 (N.D. Iowa 1996)(citing Robinson v. Perpetual Servs.*

25  *Corp., 412 N.W.2d 562, 565 (Iowa 1987) in turn citing Hagarty v.*

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1  *Dysart-Geneseo Community Sch. Dist., 282 N.W.2d 92, 95 (Iowa*

2  *1979),* and *Grefe v. Ross, 231 N.W.2d 863, 867 (Iowa 1975))* see

3  Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding

4  of Federal Regulation **111 ALR, Fed. 295 and statue 18 U.S.C.A §**

5  **1001(2)(34)**.

6

7      Before the plaintiff addresses the case and complaint to

8  the courts, the plaintiff would like to add an in-depth passage

9  to the defendant (Paul A. Gordon) so that the defendants will

10  have a full but fair understanding of the plaintiff's actions

11  here today in filing this complaint before a judge or courts to

12  hear and rule on this submission to the courts.

13

14

15      The plaintiff expresses to the defendant(s) that ignorance

16  of the law are no excuses, it is one of the most familiar

17  phrases in any branch of jurisprudence. It is not entirely

18  without exception, although some exceptions are rare. What one

19  has intended to do results in their own passage and

20  interruptions of the law? In other words, what the plaintiff is

21  saying to the defendant that every person is presumed to know

22  the law; in order to understand either the rule itself, or the

23  exceptions thereto, it is necessary to know in this case matter

24  what is the words "presumed" and "presumption" and they are used

25  in three different senses in the law. One of the senses is to

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1  signify a mere inference of fact. The second one is a true

2  presumption, which is a rule of law which calls for certain

3  results unless the party or defendant adversely affected comes

4  forward with evidence to overcome the complaint filed against

5  such defendant. This (although it is the true presumption) often

6  is referred to as a "*prima facie presumption*" to distinguish it

7  from the so called "conclusive presumption" which is a legal

8  device in the form of a what they call a postulate used for the

9  determination of a particular case whether it represents the

10  actual facts or not. Which bring about the rule of evidence when

11  a typical example is the conclusive presumption of delivery by

12  all parties or defendants to a negotiable instrument which has

13  reached the hands of a holder such as the plaintiff in due

14  course, the net result of this "conclusive presumption" is that

15  such a plaintiff as myself in due course can enforced the

16  instrument such as a complaint such as I (the plaintiff)am doing

17  as effectively against the defendant who did not deliver proof

18  to support his or her slanderous, derogatory comments and crimes

19  to intentionally to cause harm and hurt upon the plaintiff.

20

21

22      If "everyone is presumed to know the law" in this sense, it

23  means that a particular case will be disposed of exactly as if

24  the defendant actually did know the law whether such is the fact

25  or not. And this is exactly the sense in which this word should

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 – 6700.

1  be used in evaluation of the facts in this case before the judge

2  and the courts today. It is known this is the sense in which it

3  is used in all cases in which "ignorance of the law is no

4  excuse." There are some rare and exceptional cases in which

5  ignorance of the law is recognized as an excuse in some criminal

6  cases the presumption is rebuttal able, but in this case before

7  the court we have a very knowledgeable, professional defendant,

8  who is of age to know right from wrong. We have someone who is

9  very capable of thinking things through before committing a

10  wrongful act or committing a crime and someone who will take

11  responsibility for their actions.

12

13

14     So the plaintiff say to the defendant and the courts, if

15  these federal allegations that the plaintiff is about to address

16  to the courts in this complaint are true, the plaintiff would

17  like to inform the defendant that the plaintiff have children of

18  his own and the plaintiff must inform the defendant and the

19  courts...that this type of behavior that the plaintiff has

20  received from this federal investigation agency is learned or

21  taught by someone or retained through some particular source

22  somewhere or it could have been taught by the defendant's

23  employer.

24

25

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1    The plaintiff says to defendant that he would never teach

2    or inform his children to do what the defendant(s) have done to

3    the plaintiff and advise his children to do it to others. This

4    type of behavior or conduct by the defendant(s) has no

5    justification. The plaintiff informs the defendant to be

6    accountable and be responsible for your actions and reply back

7    to the courts with the truth.

8

9

10    The plaintiff will also like to say to the defendant think

11    of the plaintiff as if the plaintiff was you, what if someone or

12    an agency would have done this to you? How would you feel? How

13    would you react? Would you think… what the plaintiff have done

14    here today is not justified? The plaintiff says we all have a

15    heart that beat like a clock. We all share and breathe the same

16    oxygen. We all have blood running through our vain; we all

17    expect to be treated fairly, but equal while we are here on

18    earth. So the plaintiff asks the defendant(s), why have you

19    treated him so differently? What have the plaintiff done to you

20    or your business prior to this complaint?

21

22

23    They say, "The truth shall always set you free"; "Giving

24    false testimonies will always come back to capture you". No

25    matter how hard it is for someone to tell the truth. You must

tell it if you ever want to be free. To the defendant, the

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1  plaintiff says again... you're caught up in this because of your
2  false statement or testimonies you gave to a federal agent under
3  a federal investigation. Your false statements or testimonies
4  have come back to capture you.
5
6      To the defendant, always keep this in mind if you just
7  can't say anything good about a person, its best not to say
8  anything at all. If you choose to say something bad about a
9  person make sure you have the evidence to support your
10  statements, because if you don't have the evidence to support
11  your statements and the other person does...it's a crime to say
12  things about someone that are not true, especially under a
13  federal investigation such as this one see statue 18 U.S.C.A. §
14  1001 and your corporation's Code of Business Conduct and Ethics,
15  Sections (Good Faith Reporting of Wrongdoing).
16
17
18      The plaintiff addresses the courts that if the defendant is
19  no longer employed at the defendant's business, then the
20  business should take full responsibility for the defendant's
21  actions and the business owners should make every means and
22  efforts to contact the defendant (Paul A. Gordon) and bring Paul
23  A. Gordon to justice to prevent ongoing actions as these in our
24  communities.
25

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,
Norcross, Georgia 30091 - 6700.

1    With that said, the plaintiff files this complaint stating

2  that it is believe, but not confirmed that Paul A. Gordon

3  intentionally committed a felony crime in providing false

4  information to a federal agent upon an agent revealing his

5  identity and clearly advising and informing the defendant of the

6  purpose of the federal agent's interview while a national

7  security investigation was being conducted on the plaintiff

8  under the United States Title Code, Title 5, USC, Section 552a,

9  Exemption (j)(2) of the Privacy Act and Title 5, USC Section

10  552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S.

11  Executive Order 10450, 10865, 12333, and 12356; section 3301 and

12  9101 of title 5, U.S. Code; section 2165 and 2201 of title 42,

13  U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4)

14  (3)(d) and part 5, 732  736 of Title 5. ***See case law and related***

15  ***case of:*** *Serabian v. Amoskeag Bank Shares, Inc., 24 F. 3d 357,*

16  *361 (1st Cir. 1994)*); also see *North Central F.S., Inc., 951 F.*

17  *Supp. at 1408* (quoting *DeWit, 879 F. Supp. at 989-90*, in turn

18  quoting *Lucia, 36 F.3d at 174*).

19

20  It is believe, but not confirmed that the defendant (Paul

21  A. Gordon) intentionally committed these acts of malicious

22  slander and deformation of character and other crimes with a

23  criminal motive and intent to destroy the plaintiff's character,

24  background and career. (***See statue and related cases according***

25  Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

*to:* U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross,* 951 P.2d

236, 241 (Utah Ct. App. 1997).


   If such is confirmed through this court, let the facts be

known and confirmed that the defendant wrongfully, willfully,

deliberately, maliciously, and intentionally gave fraudulent

information to a federal investigator with an attempt for

unknown reasons to seek and destroy the plaintiff's character,

background and career.


   Upon a court examination of the facts that will be provided

to the courts, the defendant (Paul A. Gordon) should have no

reasons for recoil or defend against such court's summary

judgment.


   If false information is discovered or to exist in the

federal investigation report and the plaintiff can prove the

false information to be false, the courts should consider the

information provided to the federal investigator a crime under

the federal, state and local jurisdiction and is punishable upon

releasing of the facts by the federal government and the

plaintiff after the court review the defendant's evidence.

Therefore, these testimonies made by the defendant (Paul A.


Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1  Gordon) should be label as FRAUD and outright rule in favor of
2  the plaintiff.

3

4      The plaintiff is asking the court to review all the facts
5  that the defendant must provide to the courts concerning
6  producing the plaintiff's files or records to show the plaintiff
7  was employed at Wallace and Demayo for **one** month or less and
8  show a pay stud or a W-2 showing such pay and termination papers
9  signed by the defendant and the plaintiff terminating the
10  plaintiff's employment with Wallace and Demayo now Total Debt
11  Management, Incorporation according to the defendant's statement
12  made by Paul A. Gordon. The plaintiff is asking the defendant to
13  provide the court with counseling statements to support such
14  statements that the plaintiff missed or had been absent from
15  work a total of <u>seven days</u> during the plaintiff's training and
16  probationary period. Show the court any statement that shows the
17  plaintiff received a verbal warning regarding performance in
18  August 1995 as told to the investigator by Paul Gordon as if he
19  was the plaintiff's first line supervisor. Provide the court
20  with paperwork that will show proof to justify statement told to
21  investigator that "you only worked 23 accounts in 1 day when the
22  plaintiff was suppose to have been in training since the
23  plaintiff started worked in the month of August of 1995. The
24  plaintiff is requesting the defendant to provide the courts with
25  Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,
   Norcross, Georgia 30091 - 6700.

11

termination papers that will show problems with attendance and

performance. The plaintiff is requesting the defendant to

explain to the court what is the company policy on missing days

of employment during a training or probationary period? Base on

the information an experience of the defendant, the defendant

should have known that such information given to the federal

agent is in violation of the State employment laws of Georgia

and federal laws.


According to the law, an employer can maintain a file or

record on any employee if such employee has worked for the

employer for a period of 90 days or more. If an employee has

less then 90 days of employment the only information an employer

can release upon request is the employee start date and end date

of employment, nothing else should be released. The plaintiff is

asking the defendant to justify the Total Debt Management's

actions and policies by obtaining; holding and releasing

fraudulent information to a federal agent after such agent

reveal his or her identity and informed the employer of the

purpose of the investigation and the defendant(s) knowledge of

the state and federal laws.

The plaintiff ask the court to review item 023 of the

investigation report, Mr. Paul A. Gordon inform the federal

agent that he met the plaintiff when the plaintiff began

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1   employment with Wallace and Demayo (Now total Debt Management)

2   as a professional collector. Mr. Paul A. Gordon informs the

3   federal agent that the he had daily contact with the plaintiff

4   in passing, but no social contact. The plaintiff question Mr.

5   Paul A. Gordon's statement as to how and what made Paul A.

6   Gordon to know the plaintiff so well during the plaintiff's

7   tenure and after five years after the plaintiff had left this

8   company?

9

10

11      The plaintiff would like to add this to the record that on

12  August 1, 2005, another investigator shows up at the same

13  location and interview with Mr. Paul A. Gordon and Mr. Gordon's

14  comments were totally different and very well within state and

15  federal regulations. Mr. Paul A. Gordon had nothing but good

16  things to say about the plaintiff, such as the plaintiff left

17  the organization on good terms. Their way of conducting business

18  just did not fit in with the plaintiff so the plaintiff and the

19  company terminated the work agreement and parted ways.

20

21

22      The investigator also showed Mr. Gordon a performance award

23  received by the plaintiff for being collector of the month which

24  contradicts with the defendant's statement of performance

25  problems as told by the federal agent. Mr. Paul A. Gordon

    advised and informed the investigator that he will not be able

    Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

    Norcross, Georgia 30091 - 6700.

1    to recall the plaintiff at all during such period of time the

2    federal agent conducted the interview.

3

4        Therefore, the plaintiff is stressing to the courts if the

5    defendant could not reveal the same information as stated in

6    this federal investigation dated July 05, 2000 through July 11,

7    2000 then such information originally given or stated in this

8    federal investigation is fraudulent and either Mr. Paul A.

9    Gordon need to confess to giving fraudulent information or the

10   defendant needs to address these issues with the state or

11   federal government for providing a fraudulent record on the

12   plaintiff when the plaintiff never worked at such business over

13   90 days.

14

15

16       Damages have been done under violation of statue 18

17   U.S.C.A. § 1001 (Fraud). Please review all the investigator's

18   comments made and confirmed by Paul A. Gordon, the Human

19   Resource Manager with well over 10 years of professional

20   experience.

21

22

23       If we review the state and federal laws of the State of

24   Georgia and America, the laws clearly states, an employer have

25   no exclusive rights or claim to a former employee unless such

employee has worked on payroll at such business or corporation

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

1   for 90 days or more. If such employee has not work for such

2   employer over 90 days, why will such employer as the defendant's

3   corporation as the rights to make derogatory statements about a

4   former part-timer or full-time employee such as the plaintiff?

5   If such employer give any fraudulent information to a federal

6   investigator about a former employee or employee it is a

7   violation under section 18 U.S.C.A. § 1001 (Fraud) and the

8   Standard Form 86 and 86A.

9

10

11      The plaintiff is stating to the court that the plaintiff

12  can prove to the courts that such testimony is fraud and the

13  plaintiff wishes to inform the court that the investigator's

14  document received on August 1, 2005 shows a conflict with the

15  federal investigation report.

16

17      The plaintiff stress to the courts the reason for

18  termination was due to the employer's technique and standard

19  operation procedure that just did not fit with the plaintiff's

20  style of collecting on bad debt. The plaintiff departure had

21  nothing to do with performance or attendance problems. Any

22  business policy will condone any employee to miss seven days

23  during a probationary period. This alone should show fraud in

24  this investigation.

25

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

The plaintiff states to the courts if the defendant cannot provide the courts with any of the above requests even when such records should still be within the seven year window prior to mandatory deletion. Regardless, the defendant still should have the employment records alone with a copy of the W-2 form to show the approximately time period the plaintiff existed at this location as stated in this complaint to justify the time span and days missed from work.

The plaintiff is filing this relief in the District Court for the District of Columbia to review the facts requested in this complaint and examine the facts with the investigator's report and determine who should be held liable for giving fraudulent information under a federal investigation. The law states in any matter within the jurisdiction of a department or agency of the United States, so that the courts can determined if the defendants misused their positions within the Federal Government as proscribed by § 1001.

The plaintiff stresses to the court that the plaintiff is the one who is suffering over these fraudulent actions and violation of the law not the defendants. The plaintiff cannot be responsible for the defendant's (Paul A. Gordon) incompetence, mistakes, actions and violation of the laws stated during this investigation.

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road, Norcross, Georgia 30091 - 6700.

Even though the burden of proof does not rest with the plaintiff, the plaintiff is willing to provide the courts with a copy of the plaintiff's W-2 Form to prove such statements and comments in this investigation report to be Fraud. The plaintiff will provide these facts upon a motion to enter discovery.

Due to the damages that has occurred by the defendants (Total Debt Management and Paul A. Gordon) and the federal agent), the plaintiff is seeking full recovery against such damages and request the District Court for the District of Columbia to place a summary judgment against the defendant in the amount of **$15,000,000.00** (fifteen million dollars) for punitive damages done and recovery in relation to mental and emotional distress and damages done to plaintiff's family and career due to these negligence acts by the defendants. If such alleged intentional allegations are confirmed to be truthful in District Court.

In results of the defendant being a business that operates out of another state and such other states does not have jurisdiction over this federal matter of the law under section 18 U.S.C.A. § 1001.

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road, Norcross, Georgia 30091 - 6700.

1    In additional, the plaintiff is requesting the court to
2 force an order on the defendant (Total Debt Management) to
3 compel and complete remove all the plaintiff's records, personal
4 information from its establishments.
5
6    The plaintiff is in need of a permanent gag order from the
7 courts to prevent the defendant (Paul A. Gordon or management)
8 from disruption the good name of the plaintiff ever again while
9 doing business in the State of Georgia and aboard and to
10 permanently prevent the defendant from intervening in any
11 business matters of the plaintiff ever again.
12
13
14    If such alleged allegations are confirmed to be fraud by
15 the courts and that the defendant made such false testimonies in
16 this federal investigation report. There should not be any needs
17 for a jury trail.
18
19    Neither the defendants are employees or contractors of the
20 federal government therefore, such violation of the United
21 States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a
22 violation of the prohibited personnel practice policy by federal
23 government employees does not apply, but these actions in the
24 State of Georgia should apply and the District Court of Columbia
25 have jurisdiction to place a summary judgment and enter an order

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,
Norcross, Georgia 30091 - 6700.

1  against the defendant and the defendant's employees if these
2  investigator's allegations are confirmed truthful.

3

4      It is true and known that plaintiff discovered these false
5  allegations in a United States Government "federal"
6  investigation document dated June of the year of 2000 that was
7  finally and officially released to the plaintiff for review on
8  August 5, 2005. Which shows this action is filed within the
9  proper time for damage recovery according to the Freedom of
10 Information Act § 5 U.S.C.A. § 552 and statue of limitations.

11

12

13     The plaintiff wishes to maintain and reserve rights to sell
14 story to the public if necessary.

15

16     In defense by the plaintiff, upon a motion to enter
17 discovery, the plaintiff will provide the court with facts
18 against the alleged defendant's statements to show there is a
19 possible intentional act committed by the defendant or the
20 federal agent, even when the burden of proof does not exit
21 within the boundaries of the plaintiff. Facts will be presented
22 to the court at the time the complaint has been certified
23 express mail delivered to the defendant with a tracking # **EQ**
24 **242463999 US.**   When the defendant has received the complaint,
25 summon and defendant's testimonies statements, the

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,
Norcross, Georgia 30091 - 6700.

1   District Court for the District of Columbia will receive the

2   defendant's testimony along with the affidavit of service. The

3   District Court's Express mail tracking number will be

4   **EQ 242463985 US**.

5

6       In closing, since the burden of proof will fall on the

7   defendant (Paul A. Gordon and Management) to prove to the courts

8   that such investigator comments are truthful or not truthful,

9

10  the plaintiff asks the defendant to provide the court with all

11  the fact documentation stated in this compliant to support

12  defendant's statements made to the federal agent in the

13  defendant's federal investigation testimonies.

14

15      If such proof can be provided by the defendant upon a

16  court's order to enter discovery and the defendant have the

17  proper documentation to support all documents provided to the

18  courts such regular counseling statements and the plaintiff

19  length of employment being 90 days or more, then the plaintiff

20  will drop this complaint out right and request this matter to be

21  dismissed.

22

23

24      If the defendants wishes that this civil action cannot be

25  settled out of court, the plaintiff is asking for a civil trial

before his peers (jury trail) revealing all the issues along

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date this compliant is filed and logged into United States District Court's system.

All attempts to resolve this complaint have been exhausted, the federal government confirmed such statements are truthful, the burden of the proof now lies on the defendant to prove their *testimonies* to be truthful on the record.

When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trail is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Total Debt Management, Inc.'s Code of Business Conduct and Ethics, Section (Good Faith Reporting of Wrongdoing).** *See case law: Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trail, it must show "that there is an absence of evidence to support the

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road, Norcross, Georgia 30091 – 6700.

nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the defendant (hereinafter the "Employers' Liability and Fiduciary Duty of the employer or employee", and therefore the defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the defendant, the defendant caused this action or judgment upon itself (The Employer).


    *They say in the end …Good will always triumph over Bad….*

End of Complaint:

                          Sam L. Clemmons
                          548 Saint Charles PL
                          Brookhaven, MS 39601

    **CC:** www.usps.com for tracking purposes

Total Debt Management, Incorporation;
    **Express Mail #: EQ 242463999 US.**

**Mary L. Lee, Paralegal Certified Mail # 7005 0390 0002 2211 2578**

United State District Court of the District of Columbia;
    **Express Mail #: EQ 242463985 US**

Records

Sam Clemmons vs. Total Debt Management (Wallace & Demayo), 6366 Corley Road,

Norcross, Georgia 30091 - 6700.

**American Law Reports ALR Federal**
**The ALR databases are made current by the weekly addition of relevant new cases.**

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v. Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

Article Outline
Index
Statutory Text
Table of Cases, Laws, and Rules
Research References

ARTICLE OUTLINE

§  1[a] Introduction--Scope

§  1[b] Introduction--Related annotations

§  2. Background and summary

§  3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--Held to violate 18 U.S.C.A. § 1001

§  3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--Held not to violate 18 U.S.C.A. § 1001

§  4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§  4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§  5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§  5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§  6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§  6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§  7[a] Bail--Held to violate 18 U.S.C.A. § 1001

06 0196

FILED

FEB - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

§  7[b] Bail--Held not to violate 18 U.S.C.A. §  1001

§  8. Sentencing

§  9[a] Statements relating to civil proceedings--Held to violate 18 U.S.C.A. §  1001

§  9[b] Statements relating to civil proceedings--Held not to violate 18 U.S.C.A. §  1001

§  10[a] Statements relating to federal income tax--Held to violate 18 U.S.C.A. §  1001

§  10[b] Statements relating to federal income tax--Held not to violate 18 U.S.C.A. §  1001

§  11[a] Statements relating to government contracts--Held to violate 18 U.S.C.A. §  1001

§  11[b] Statements relating to government contracts--Held not to violate 18 U.S.C.A. §  1001

§  12. Statements relating to individual's employment with or licensing by Federal Government or employment with employer receiving federal funds-- qualifications

§  13[a] Prior criminal record or criminal activity--Held to violate 18 U.S.C.A. §  1001

§  13[b] Prior criminal record or criminal activity--Held not to violate 18 U.S.C.A. §  1001

§  14. Conflict between employee's and government's interests

§  15. Employee's misuse of position

§  16. Compensation or benefits

§  17[a] Statements relating to federal grant or loan, generally--Held to violate 18 U.S.C.A. §  1001

§  17[b] Statements relating to federal grant or loan, generally--Held not to violate 18 U.S.C.A. §  1001

§  18[a] Statements relating to payment under federal entitlement or subsidy program--Held to violate 18 U.S.C.A. §  1001

§  18[b] Statements relating to payment under federal entitlement or subsidy program--Held not to violate 18 U.S.C.A. §  1001

§  19[a] Statements relating to federally insured loans--Held to violate 18 U.S.C.A. §  1001

§  19[b] Statements relating to federally insured loans--Held not to violate 18 U.S.C.A. §  1001

§  20[a] Statements relating to activities of financial institutions—filing currency transaction reports (CTRs)--Held to violate 18 U.S.C.A. §  1001

§  20[b] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held not to violate 18 U.S.C.A. §  1001

§  21. Other activities

§  22[a] Statements relating to stock or brokerage agreements--Held to violate 18 U.S.C.A. §  1001

§  22[b] Statements relating to stock or brokerage agreements--Held not to violate 18 U.S.C.A. §  1001

§  23. Statements relating to patents

§   23.5. Statements relating to copyright

§   24[a] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. §  1001

§   24[b] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. §  1001

§   25[a] Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. §  1001

§   25[b] Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. §  1001

§   26. Statements relating to purchase of surplus government property

§   27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§   28. Statements relating to interstate shipment of goods

§   29[a] Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. §  1001

§   29[b] Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. §  1001

§   30[a] Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. §  1001

§   30[b] Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. §  1001

§   31[a] Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. §  1001

§   31[b] Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. §  1001

§   32[a] Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. §  1001

§   32[b] Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. §  1001

§   33. Statements relating to compliance with environmental protection regulations

§   34. Other statements

§   35. Constitutionality