UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. CLEMMONS,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>TSYS TOTAL DEBT MANAGEMENT, INC.<br>6356 Corley Road<br>Norcross, GA 30071<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　CASE NO. 1:06-CV-00196 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Court should dismiss the Complaint filed by Plaintiff Samuel L. Clemmons pursuant to Fed. R. Civ. P. 12(b)(6). Accepting all of the Plaintiff's factual allegations as true, and drawing all reasonable inferences in favor of the Plaintiff, the Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court should dismiss the Plaintiff's case against Defendant TSYS Total Debt Management, Inc. ("TDM") with prejudice.[1]

**Background and Procedural History**

While TDM denies any liability to Plaintiff and the accuracy of the factual allegations of the Complaint, for the purposes of this Motion, Defendant TDM accepts the factual allegations in the Complaint as true. They are summarized below.

---

[1] Plaintiff's Complaint incorrectly identified Defendant as "Total Debit Management." The legal name of the Defendant corporate entity is TSYS Total Debt Management, Inc.

The Plaintiff, Mr. Samuel L. Clemmons, is an individual residing in Brookhaven, Mississippi. (Compl. at 1.) During August and September 1995, Mr. Clemmons was employed by Wallace & de Mayo, P.C., a firm that has since been acquired by Defendant TDM. (*Id*.)

Defendant TDM is a Georgia corporation that operates in the field of outsourced payment services. (*Id*. at 1-2.) TDM is a leading provider of consumer-finance, credit, debit and prepaid services for financial institutions and retail companies. (*Id*.)

Although Mr. Clemmons was employed by the Defendant in 1995 only for a brief period, the events that give rise to his claims took place in 2000. (*Id*. at 1-2, 13.) In 2000, Mr. Clemmons apparently applied for employment with the United States Government. (*Id*. at 2, 8-13.) The government conducted a background investigation of Mr. Clemmons, and during this investigation TDM, through its employee Paul Gordon, provided information to a federal investigator. (*Id*.) This information included statements to the effect that TDM had terminated Mr. Clemmons for poor performance and for missing several days of work during his seven weeks of TDM employment. (*Id*.) TDM subsequently, in 2005, provided information to federal investigators. (*Id*. at 12.) According to the Complaint, that information was truthful. (*Id*.)

The Complaint seems to allege, at most, two distinct claims. First, the Complaint alleges that TDM violated 18 U.S.C. § 1001. (*Id*. at 2 ("…the plaintiff file [sic] this civil suit action…against the defendant for violation of statue [sic] 18 U.S.C. § 1001").) The Complaint also appears to allege that TDM is liable for the tort of slander or defamation. (*See id*. at 4 (alleging Defendant made "slanderous, derogatory comments").) Both of these claims, according to the Complaint, arise from a "federal investigation dated July 05, 2000 through July 11, 2000," during which time representatives of TDM provided information to federal investigators regarding Mr. Clemmons's employment history. (*Id*. at 13.)

2

Mr. Clemmons has filed at least nine other actions with this Court against various other defendants. *See Clemmons v. United States Army Records Center*, No. 1:05-cv-02353-RCL (filed Dec. 8, 2005); *Clemmons v. United States Office of Personnel Mgmt.*, No. 1:06-cv-00008-RCL (filed Jan. 4, 2006); *Clemmons v. American Postal Workers Union, AFL*, No. 1:06-cv-00115-RCL (filed Jan. 18, 2006); *Clemmons v. Powell*, No. 1:06-cv-00123-RCL (filed Jan. 23, 2006); *Clemmons v. Mid-America Apt. Communities*, No. 1:06-cv-00195-RCL (filed Feb. 3, 2006); *Clemmons v. Stein Mart, Inc.*, No. 1:06-cv-00194-RCL (filed Feb. 3, 2006); *Clemmons v. Defense Security (DSS) Admin.*, No. 1:06-cv-00304-RCL (filed Feb. 21, 2006); *Clemmons v. Dept. of Justice, et al.*, No. 1:06-cv-00305-RCL (filed Feb. 21, 2006); *Clemmons v. Dept. of the Army*, No. 1:06-cv-00510-RCL (filed Mar. 16, 2006). Like this case, some or all of these related actions appear to evolve out of Mr. Clemmons's employment or application for employment with the United States Government.

**Argument**

The Court should dismiss the Complaint against TDM for at least two reasons: (1) the Plaintiff lacks standing to file a claim under 18 U.S.C.§ 1001, because this federal criminal statute does not provide a private right of action; and (2) the Plaintiff's claim for slander or defamation, based on statements made in the year 2000, is barred by the one-year statute of limitations.

**I.    STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), the Court should dismiss a claim when it is shown "beyond doubt" that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See, e.g.*, *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C. Cir. 2004). In deciding a motion under Rule 12(b)(6), the Court should accept the Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor.

3

*See, e.g., Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Housing Authority*, 998 F. 2d 904, 912 (11th Cir. 1993). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Campbell v. San Antonio*, 43 F. 3d 973, 975 (5th Cir. 1995).

II.  **THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM UNDER 18 U.S.C. § 1001 BECAUSE THE STATUTE DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION**

Plaintiff cannot assert a claim against TDM under 18 U.S.C. § 1001. Private individuals lack standing to bring a claim under 18 U.S.C. § 1001. Section 1001 is a federal criminal statute under which the government can prosecute individuals for making certain false statements. The statute, in relevant part, provides as follows:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1001.

Notably, the statute does not contain any provision providing a remedy for a private person affected by violations of the statute. As one court has explained, "Nothing in [18 U.S.C.

4

§ 1001] provides a private right of action," and therefore "[o]nly the government may prosecute a defendant for this crime":

> [A private individual] lacks standing to sue [a private entity] for making false statements to the government under 18 U.S.C. 1001. Nothing in that criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime.

*Daniels v. American Postal Worker Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001); *see also Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 138 (4th Cir. 1987) (finding no "affirmative indication that Congress intended to furnish civil remedies"); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (same).

Therefore, the Court must dismiss Mr. Clemmons's claim under 18 U.S.C. § 1001.

**III.    PLAINTIFF'S CLAIM OF DEFAMATION OR
SLANDER IS BARRED BY THE STATUTE OF LIMITATIONS**

Although not expressly stated, it appears that Plaintiff is trying to allege a claim against TDM for defamation or slander. However, any such claim clearly is time-barred. Based on the facts alleged in the Complaint, any claim that Mr. Clemmons has for defamation accrued in July 2000, when the allegedly defamatory statements were made. (Compl. at 13.) The relevant statute of limitations for a defamation claim is one year. Therefore, Mr. Clemmons's defamation claim expired in July 2001 and is now time-barred.

The Complaint does not allege sufficient facts to permit a detailed conflict of laws analysis. However, there are only three states that have any connection to the events alleged in the Complaint: Georgia, Mississippi, and the District of Columbia. The statute of limitations period for a claim of defamation or slander is the same in all three states. Under the laws of Georgia (where TDM is located and Mr. Clemmons worked), Mississippi (where Mr. Clemmons currently resides), and the District of Columbia (where the suit was filed), the statute of

5

limitations for defamation is one year. *See* Ga. Code Ann. § 9-3-33; Miss. Code Ann. § 15-1-35; D.C. Code § 12-301(4). In all three states, the one year statute of limitations begins to run "when the defamatory statement is published," meaning when the statement is made to a third party. *Clark v. Clark*, 969 F. Supp. 1319, 1327 (S.D. Ga. 1997) (applying Georgia law); *see also Lane v. Strang Communications Co.*, 297 F. Supp. 2d 897, 900 (N.D. Miss. 2003) (applying Mississippi law and explaining "the one year limitations period in defamation actions begins to run on the date the allegedly defamatory material is first published to a third person or to the public at large"); *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882 (D.C. 1998) (applying D.C. law and holding same).

The Complaint alleges that an employee of TDM made "slanderous, derogatory comments" during a "federal investigation dated July 05, 2000 through July 11, 2000." (Compl. at 4, 13.) Thus, Mr. Clemmons's defamation claim against TDM accrued in July 2000 and expired one year later in July 2001. This claim is therefore time-barred and must be dismissed.

It is clear that Plaintiff cannot assert a viable claim against TDM. Allowing Plaintiff to re-plead his claims would be futile. The Court therefore should dismiss the Complaint with prejudice.[2]

---

[2] TDM delivered a letter to Mr. Clemmons on March 16, 2006 noting the deficiencies in his Complaint and giving him an opportunity to dismiss the Complaint before the deadline for filing TDM's motion to dismiss. Mr. Clemmons never responded to the letter. TDM therefore requests that the Court, upon dismissing the Complaint, delay entering a judgment for a period of 30 days to allow TDM to seek appropriate sanctions under Fed. R. Civ. P. 11.

**Conclusion**

For all of the above reasons, the Court should dismiss the Plaintiff's case against Defendant TDM with prejudice.

                                  Respectfully submitted,

                                    /s/ Daniel E. Johnson
                                  Daniel E. Johnson (No. 375692)
                                  Daniel L. Russell Jr. (No. 491655)
                                  McKenna Long & Aldridge LLP
                                  1900 K Street, N.W.
                                  Washington, D.C.  20006
                                  Tel:  (202) 496-7500
                                  Fax:  (202) 496-7756

                                  Attorneys for Defendant
                                  TSYS Total Debt Management, Inc.

March 27, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss has been served by First Class mail, postage prepaid, this 27th day of March 2006 to:

>Samuel L. Clemmons
>548 Saint Charles Pl.
>Brookhaven, MS 39601

>  /s/ Daniel E. Johnson
>Daniel E. Johnson