UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>    PLAINTIFF, PRO SE<br><br>vs.<br><br>TOTAL DEBIT MANAGEMENT, INC.<br>    DEFENDANT | CIVIL ACTION NO:<br><br>1:06CV00196(RCL)<br><br>July 18, 2006 |

## PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM AFTER MOTION REQUEST TO ENTER DISCOVERY BUT BEFORE SUMMARY JUDGEMENT HAS BEEN ISSUED

Comes Plaintiff, pro se file this response in The United States District Court for the District of Columbia to request to subpoena the documents needed to render a decision based on the Defendant's testimony, answer or response against the Plaintiff under a federal investigation. The Plaintiff files this request before the court within the time span needed before the summary judgement has been issued to close this case before the court. The subpoena documents will be used to fully and completely evaluate the record before the court and will be needed if the judge has not completely reviewed and rendered his judgement.

The Plaintiff requests the court to give the Defendant an additional <u>10 days</u> after receipt of this notice to surrender the documents needed to enter a just but fair summary judgement in this case.

**RECEIVED**

JUL 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Plaintiff wishes to request such documents to be subpoena for the record to publicly reveal any wrongdoing that may have been caused by the Defendants.

**THE PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM ARE BELOW:**

**They are:**

The Plaintiff requesting from the court to subpoena the documents requested by the Plaintiff in the Plaintiff's pervious MOTION request under the Freedom of Information Act. The Defendant should now be required to serve these documents needed to determine truth to the facts and statements made during the process of this federal investigation at question and this lawsuit before the court for possible ongoing litigation in relation to the Defendant's actions.

1. The Defendant should now surrender the warning action statements of number <u>one</u> and <u>three</u> to support warning action statement # 2. The Plaintiff did state acknowledgment of warning action # 2 and the Plaintiff also acknowledge that this statement was fraud at the time of signing which should have been removed from the Plaintiff's record. Since such was not removed from the Plaintiff's record and the Defendant wishes to use such fraudulent statement against the Plaintiff.  The Defendant must justify that such warning notice is not

fraud by providing the missing record of <u>one</u> and <u>three</u> to support warning statement # 2 with both the Plaintiff and the Plaintiff's first line supervisor signatures. As stated in the pervious MOTION request the Defendant's documents provided to the Plaintiff under the Freedom of Information Act are ones to attempt to mislead the courts or a jury. The Plaintiff is requesting the complete file now under this subpoena duces tecum. Such documents as application, job duties and description, employee handbook and termination papers showing the Plaintiff's' signature.

2. The Plaintiff is requesting time cards or pay vouchers to show the Plaintiff being <u>absent</u> from work without pay according to the federal agent's statement.

3. The Plaintiff is requesting the Defendant to provide to the courts with counseling statements administered upon the Plaintiff that shows discussion of tardiness by the Plaintiff's first-line supervisor that if the Defendant wishes or attempts to use such time sheets as their defense.

4. The Plaintiff is requesting from the Defendant to provide the courts with a policy showing a <u>fifteen-minute</u> window upon reporting to work.

Sam L. Clemmons vs. Total Debt Management, Inc., 6366 Corley Road, Norcross, GA 30091-6700

5. The Plaintiff is requesting from the Defendant to gather and provide documentation to show employment of 90 days or more. To justify their rights to hold and maintain a file on the Plaintiff and to justify theirs actions to give out true or false information as if the Plaintiff was a career and full time employee with major benefits.

6. The Plaintiff is requesting the Defendant failed to provide to the courts with the Plaintiff's job description, duties and responsibilities as stated by the Plaintiff's first-line supervisor statements with signatures to justified documents to show the Plaintiff and the first line supervisor.

7. The Plaintiff is requesting from the Defendant to provide to the courts with a sworn statement under oath from Paul Gordon expressing, stating and describing the Plaintiff to justify Mr. Paul Gordon's statements to the federal agent of knowing and being very knowledgeable of the Plaintiff among 200 or more employees.

These documents are needed to confirm such statements in the federal investigation report are truthful.

If the documents are not turned over after this subpoena MOTION request they may be requested by the federal agency who conducted the investigation to cause in this action before the

Sam L. Clemmons vs. Total Debt Management, Inc., 6366 Corley Road, Norcross, GA 30091-6700

court today and to verify information under and according to 18 U.S.C.A. § 1001.

The Plaintiff wishes to continue to add for the record, let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advise the Defendants to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists.
Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim. Therefore, case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the

Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) *see* <u>Fed. Rules Civ.Proc. Rule 17, 28 USCA</u> and complete understanding of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u>.

End of Complaint:

Respectfully submitted,

*/s/* Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

**<u>DISCOVERY ATTACHMENTS</u>:**

**RELEASED TO THE DEFENDANT**

**ATTACHEMENTS:**

**Federal Rules of Civil Procedure, 30(b)(6); Motion to Subpoena in a Civil Case.**

Sam L. Clemmons vs. Total Debt Management, Inc., 6366 Corley Road, Norcross, GA 30091-6700

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of July 2006, a true copy of this foregoing **SUBPOENA IN A CIVIL CASE** # 1:06CV00196(RCL) was served by regular mail to:

Defendant's Counsel

McKENA LONG & ALDRIDGE
1900 K Street, NW
Washington, DC 20006

And
By FedEx Express Service to:
Tracking #: 851980919410

District Court for the District of Columbia
**Attn: Office of the Clerk & Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 2001

*[signature]*
Sam L. Clemmons, Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

SAM CLEMMONS

V.

TOTAL DEBT MANAGEMENT, INC.

**SUBPOENA IN A CIVIL CASE**

**1:06CV00196 (RCL)**

To: _Mr. KENA LONG & ALDRIDGE_

☑ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE _U.S. DISTRICT COURT FOR DISTRICT OF COLUMBIA AND BY U.S. MAIL TO THE PLAINTIFF_ | DATE AND TIME _JULY 26TH, 2006 10:00 AM_ |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE _7/17/06_ |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
_SAM L. CLEMMONS, 548 SAINT CHARLES PL BROOKHAVEN, MS 39601 PH 866-409-7758_

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | | |
|---|---|---|
| | DATE 7/17/06 | PLACE McKENA LONG & ALDRIDGE 1900 K. STREET, NW WASHINGTON, DC 20006 |
| SERVED TOTAL DEBIT MANAGEMENT, INC. | | |

| SERVED ON (PRINT NAME) LAW OFFICE OF McKENA LONG & ALDRIDGE | MANNER OF SERVICE CERTIFIED MAIL ARTICLE # 7005 1820 0007 3370 8362 |
|---|---|
| SERVED BY (PRINT NAME) SAM CLEMMONS, PRO SE | TITLE PLAINTIFF PRO SE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7/17/2006
             Date

Signature of Server

548 SAINT CHARLES PL
Address of Server

BROOKHAVEN, MS 39601

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney In breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who Is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, Is employed or regularly transacts business in person, except that, subject to the provisions of clause (c}(3) (B) (iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial Is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial Infonnation, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated. the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.