UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMUEL L. CLEMMONS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>TSYS TOTAL DEBT MANAGEMENT, INC. )<br>)<br>Defendant. )<br>_____) | CASE NO. 1:06-CV-00196 (RCL) |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM

Plaintiff has filed a largely unintelligible "Plaintiff's Motion Request to Subpoena Duces Tecum After Motion Request to Enter Discovery But Before Summary Judgment Has Been Entered."  The Court should deny the Motion.

It appears that Plaintiff is trying to obtain discovery in anticipation of Defendant filing a summary judgment motion.  However, Defendant does not intend to file such a motion at this time.  Rather, Defendant is content to rely upon its pending Motion to Dismiss, which is ripe for decision by this Court and, if granted, will completely dispose of this matter.

As Defendant demonstrated in its Motion to Dismiss, the Court should dismiss the action with prejudice because Plaintiff has no private right of action under 18 U.S.C. § 1001, and his defamation claim is barred by the applicable statute of limitations.  These are issues of law that turn only on review of the Complaint and the applicable law, so no discovery is relevant to the Motion to Dismiss.

It is inappropriate to conduct any discovery until resolution of the Motion to Dismiss, which should completely resolve this action.  This Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the]court efficiently and sensibly.'" McSurley v.

McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974).  Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278 (D.Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co. 434 F.2d 521, 526 (D.C. Cir. 1970).  Further, the parties have had no conference under Fed. R. Civ. P. 26(f), so discovery may not yet proceed. Fed. R. Civ. P. 26(d).

    Accordingly, the Court should deny Plaintiff's Motion.

                                                   Respectfully submitted,

                                                   /s/ Daniel L. Russell Jr.
                                               Daniel E. Johnson (No. 375692)
                                               Daniel L. Russell Jr. (No. 491655)
                                               McKenna Long & Aldridge LLP
                                               1900 K Street, N.W.
                                               Washington, D.C.  20006
                                               Tel:  (202) 496-7500
                                               Fax:  (202) 496-7756

                                               Attorneys for Defendant
                                               TSYS Total Debt Management, Inc.

July 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via First Class mail, postage prepaid, this 28th day of July 2006 to:

>Samuel L. Clemmons
>548 Saint Charles Pl.
>Brookhaven, MS 39601

>/s/ Daniel L. Russell Jr.
>Daniel L. Russell Jr.