UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMUEL L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CASE NO. 1:06-CV-00196 (RCL) |
| v. | ) | |
| | ) | |
| TSYS TOTAL DEBT MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY**

The Court should stay discovery in this action pending resolution of Defendant's Motion to Dismiss. Plaintiff apparently is seeking discovery from Defendant TSYS Total Debt Management, Inc. ("TDM"),[1] serving a subpoena form on TDM's counsel and filing a "Plaintiff's Motion Request to Subpoena Duces Tecum After Motion Request to Enter Discovery But Before Summary Judgment Has Been Entered." Discovery should be stayed pending resolution of the Motion to Dismiss because TDM's Motion to Dismiss will completely dispose of this action. This Court has, under similar circumstances, stayed discovery in at least one of the several related actions Plaintiff has filed in this Court. The Court likewise should stay discovery in this action pending resolution of the Motion to Dismiss.

**Background and Procedural History**

For a brief period in 1995, Plaintiff Clemmons was employed by Wallace & de Mayo, P.C., a firm that has since been acquired by Defendant TDM. (Complaint at 1.) In 2000, he

---

[1] Plaintiff's Complaint incorrectly identified Defendant as "Total Debit Management." The legal name of the Defendant corporate entity is TSYS Total Debt Management, Inc.

apparently applied for employment with the United States Government. (*Id*. at 2, 8-13.) According to Clemmons, the government investigated his background at that time and obtained information from TDM. (*Id*.) This information included statements to the effect that TDM had terminated Mr. Clemmons for poor performance and for missing several days of work during his seven weeks of TDM employment. (*Id*.) TDM subsequently, in 2005, provided information to federal investigators. (*Id*. at 12.) According to the Complaint, that information was truthful. (*Id*.)

The Complaint alleges that TDM violated 18 U.S.C. § 1001 and defamed Plaintiff. (*Id*. at 2, 4.) Both of those claims, according to the Complaint, arise from a "federal investigation dated July 05, 2000 through July 11, 2000," during which time representatives of TDM allegedly provided information to federal investigators regarding Clemmons's employment history. (*Id*. at 13.)

On March 27, 2006, TDM filed a Motion to Dismiss the Complaint, demonstrating that there is no private right of action under 18 U.S.C. § 1001 and that the defamation claim is time-barred. That Motion is fully briefed and ripe for decision by this Court.

On or about July 18, 2006, Clemmons filed "Plaintiff's Motion Request to Subpoena Duces Tecum After Motion Request to Enter Discovery But Before Summary Judgment Has Been Entered." At about the same time, he sent a subpoena form to TDM's counsel, McKenna Long & Aldridge LLP. The subpoena was signed by Clemmons but was not issued by the Clerk or by counsel.

TDM has filed an opposition to the "Plaintiff's Motion Request to Subpoena Duces Tecum After Motion Request to Enter Discovery But Before Summary Judgment Has Been

Entered." By the instant Motion, TDM seeks to stay all discovery pending resolution of the Motion to Dismiss.

Clemmons has filed at least nine other actions with this Court against various other defendants. Like this case, some or all of these related actions appear to evolve out of Clemmons's employment or application for employment with the United States Government. In one of those cases, the Court has entered an Order staying discovery pending resolution of a defendant's motion to dismiss. Clemmons v. American Postal Workers Union, AFL, No. 1:06-cv-00115-RCL, Order dated June 21, 2006.

## **Argument**

### I. THE COURT SHOULD STAY ALL DISCOVERY PENDING RESOLUTION OF TDM'S MOTION TO DISMISS THE COMPLAINT

As shown in TDM's Motion to Dimsiss, Plaintiff cannot assert a claim against TDM. TDM's Motion to Dismiss will completely resolve this action. Regardless of the merits of TDM's Motion to Dismiss, however, any discovery is irrelevant to resolution of that Motion. Thus, any discovery is premature and should be stayed.

Clemmons' subpoena form served on McKenna Long & Aldridge LLP is a nullity because it was not issued by the Clerk or by counsel. Fed. R. Civ. P. 45(a)(3). Given Clemmons' penchant for serial filing, it appears that he will continue to seek discovery in anticipation of TDM filing a motion for summary judgment. TDM, however, does not intend to file a motion for summary judgment at this time. Rather, TDM is content to rely upon its pending Motion to Dismiss, which is ripe for decision by this Court and, if granted, will completely dispose of this matter. As TDM demonstrated in its Motion to Dismiss, Clemmons has no private right of action under 18 U.S.C. § 1001, and his defamation claim is barred by the

3

applicable statute of limitations. These are matters of law that turn only on review of the Complaint and the applicable law, so discovery is irrelevant to the Motion to Dismiss.

It is inappropriate to conduct any discovery until resolution of the Motion to Dismiss, which should completely resolve this action. This Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the]court efficiently and sensibly.'" McSurley v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278 (D.Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co. 434 F.2d 521, 526 (D.C. Cir. 1970). Accordingly, the Court should stay discovery.

In one of the many related Clemmons cases pending before this Court, the Court did just that – stayed discovery pending resolution of a motion to dismiss. Clemmons v. American Postal Workers Union, AFL, No. 1:06-cv-00115-RCL, Order dated June 21, 2006. The Court should do the same in this action.

**Conclusion**

The Court should stay discovery in this action pending resolution of TDM's Motion to Dismiss.

                                              Respectfully submitted,

                                                /s/ Daniel L. Russell Jr.
                                              Daniel E. Johnson (No. 375692)
                                              Daniel L. Russell Jr. (No. 491655)
                                              McKenna Long & Aldridge LLP
                                              1900 K Street, N.W.
                                              Washington, D.C.  20006
                                              Tel:  (202) 496-7500
                                              Fax:  (202) 496-7756

                                              Attorneys for Defendant
                                              TSYS Total Debt Management, Inc.

July 28, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served by First Class mail, postage prepaid, this 28th day of July 2006 to:

                              Samuel L. Clemmons
                              548 Saint Charles Pl.
                              Brookhaven, MS 39601

                                            /s/ Daniel L. Russell Jr.
                                        Daniel L. Russell Jr.