UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CASE NO.  1:06-CV-00196 (RCL) |
| v. | ) | |
| | ) | |
| TSYS TOTAL DEBT MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S "FINAL" MOTION REQUEST**

Plaintiff has filed a document entitled "Plaintiff Enter 'Final' Motion Request to Add Exhibit #6 into the Record After Plaintiff's Opposition to Defendant's Response Against Plaintiff's Motion Request to Subpoena Duces Tecum and Defendant's Continue Motion Request to Dismiss and Now Motion Request to Stay Discovery."  Although it is not clear what relief Plaintiff is seeking, he does mention "summary judgment."  If Plaintiff is seeking summary judgment against Defendant, the Court should deny the request because Plaintiff plainly is not entitled to summary judgment.

**ARGUMENT**

Plaintiff cannot possibly be entitled to summary judgment.  A party seeking summary judgment must show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  Under Local Rule 56.1, "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  L.CvR. 56.1.  Plaintiff is not entitled to summary judgment because:

(1) Plaintiff has failed to show that there are no genuine issues of material fact in dispute; and

(2) Plaintiff has failed to show that he is entitled to judgment as a matter of law. On the contrary, Defendant has shown that Plaintiff's claims fail as a matter of law.

As an initial matter, Plaintiff did not provide a "statement of material facts" as required by the Local Rules. *See* L.CvR. 56.1. Even if the Court overlooked that important procedural failure, Plaintiff has failed to show that there is "no genuine issue as to any material fact." *See* Fed. R. Civ. P. 56(c). Nothing in the record suggests that Plaintiff could possibly satisfy this requirement. Plaintiff has not submitted any affidavits in support of his Motion or verified any of the documents he has submitted to the Court. Defendant has not admitted any fact alleged.

Furthermore, Plaintiff's allegations — even if they were assumed true and not disputed — fail as a matter of law. Plaintiff has, at most, presented two claims: (1) a claim under the federal criminal statute 18 U.S.C. § 1001; and, (2) a common law claim for defamation or slander. (*See* Mem. in Supp. Def.'s Mot. to Dismiss ("Def.'s Mem."), Dkt. # 6 (filed Mar. 27, 2006).) Both of these claims fail as a matter of law.

Plaintiff's claim under 18 U.S.C. § 1001 fails because that federal criminal statute can only be enforced in a criminal prosecution by the government; the statute does not provide a remedy for a private litigant like Plaintiff. *See Daniels v. American Postal Worker Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001) ("[A private individual] lacks standing to sue [a private entity] for making false statements to the government under 18 U.S.C. 1001. Nothing in that criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime."); *Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (finding

no "affirmative indication that Congress intended to furnish civil remedies"); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (same).

Likewise, any claim Plaintiff is attempting to assert for defamation or slander is barred by the relevant statute of limitations. Plaintiff appears to allege that Defendant made defamatory statements sometime during the year 2000. (*See* Compl. at 4, 13 (alleging that an employee of TDM made "slanderous, derogatory comments" during a "federal investigation dated July 05, 2000 through July 11, 2000").) Under all potentially-applicable limitations statutes (Georgia, Mississippi, and the District of Columbia), the period for bringing this claim expired over five years ago, in 2001. (*See* Def.'s Mem. at 5-6.)

Plaintiff is clearly not entitled to summary judgment. Accordingly, the Court should deny any request by Plaintiff for summary judgment.

Respectfully submitted,

   /s/ Daniel L. Russell Jr.
Daniel E. Johnson (No. 375692)
Daniel L. Russell Jr. (No. 491655)
McKenna Long & Aldridge LLP
1900 K Street, N.W.
Washington, D.C.  20006
Tel:  (202) 496-7500
Fax:  (202) 496-7756

Attorneys for Defendant
TSYS Total Debt Management, Inc.

September 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via First Class mail, postage prepaid, this 25th day of September 2006 to:

Samuel L. Clemmons
548 Saint Charles Pl.
Brookhaven, MS 39601

  /s/ Daniel L. Russell Jr.
Daniel L. Russell Jr.